Chicago, the defendant informed the clerk that his attorney was actually engaged in the trial of a cause in a court of record and was told by the clerk that he need not remain as his case would be passed when called, but instead a judgment was rendered for the plaintiff in the absence of the defendant or his counsel, *held* that the judgment should have been vacated on the defendant's showing of the facts and filing an affidavit of merits.

----

## S. J. Ostrowski, Plaintiff in Error, v. Annie Czarnik, Defendant in Error.

### Gen. No. 20,603.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

### Statement of the Case.

Action by S. J. Ostrowski against Annie Czarnik to recover a commission for procuring a purchaser for real estate. Judgment was rendered for the defendant, and the plaintiff brings error.

The evidence showed that while the property in question was listed with the plaintiff, he was not the exclusive agent, but that other brokers were also endeavoring to effect a sale; that in February, 1914, the property was sold by the defendant to Mr. and Mrs. John Polcyn jointly. The defendant testified that the sale was made "from the outside," meaning through brokers other than the plaintiff; that in January, 1914, an employee of the plaintiff took Mrs. Polcyn to see defendant's property, but they did not at that time see the defendant; that the plaintiff then notified the defendant personally and by two letters, one in English and the other in Polish, that the property had been submitted to Mrs. Polcyn. One of the letters stated

that the plaintiff showed Mrs. Polcyn only the "outside" of the property, and that she "refused to step inside." The plaintiff's employee testified that Mrs Polcyn told him she had seen the property before, and the defendant testified that Mrs. Polcyn had been introduced to her by another real estate man in December, 1913. There was no evidence tending to prove that the visit of Mrs. Polcyn to defendant's premises, in company with the plaintiff's employee, either brought about or had anything to do with bringing about the sale that was finally made.

R. F. Welzant and David B. Maloney, for plaintiff in error; Daniel S. Wentworth, of counsel.

Albert H. Meads, for defendant in error.

Mr. Presiding Justice Fitch delivered the opinion of the court.

## Abstract of the Decision.

1. Brokers, § 37*—*when broker entitled to compensation.* Where real estate was listed with several brokers, one of them cannot recover compensation if it does not appear that he was the first to call the purchaser's attention to the property, or that his efforts contributed to the consummation of the sale.

2. Brokers, § 77*—*when variance between pleading and proof in action for compensation.* A broker cannot recover compensation for a sale of real estate by a client to Mr. and Mrs. John Polcyn jointly, upon an averment of a sale to John Polcyn, a purchaser procured by the plaintiff, where the evidence did not show that the latter ever introduced the purchaser to the defendant, or that Mrs. Polcyn, to whom the plaintiff showed the property, acted as her husband's agent.

3. Estoppel, § 52*—*when liability for broker's compensation created by admissions.* A property owner *held* not estopped from denying that the plaintiff was the procuring cause of a sale of real estate, by saying "all right" when informed by a person whom he did not know was an employee of the plaintiff, that he would have to pay the latter a commission.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.